# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# (HUNTINGTON DIVISION)

**KENNETH ELDRIDGE,**

    **Plaintiff,**

v.

**APPALACHIAN POWER COMPANY,**
A Virginia Corporation,
**BABCOCK & WILCOX
CONSTRUCTION CO., LLC,** a
Delaware Limited Liability Company,
**ENERFAB, LLC,** an Ohio Limited
Liability Company, **ENERFAB PROCESS
& FABRICATED PRODUCTS, INC.,** an
Ohio Corporation, and **ENERFAB POWER
& INDUSTRIAL, LLC,** an Ohio Limited
Liability Company,

    **Defendants.**

**CIVIL ACTION NO.** 3:23-cv-00760
(Removal from Putnam County
Circuit Court, Civil Action No.
CC-40-2023-C-147)

## JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Appalachian Power Company ("APCo"), Babcock & Wilcox Construction Co., LLC (B&W), Enerfab, LLC, Enerfab Process & Fabricated Products, Inc., and Enerfab Power & Industrial, LLC (collectively referred to sometimes as "Defendants") file this Joint Notice of Removal, removing Civil Action No. CC-40-2023-C-147 from the Circuit Court of Putnam County, West Virginia, to the United States District Court for the Southern District of West Virginia, Huntington Division, and in support, state as follows:

{B3419371.4}  1

*Statement of Removal*

1. On or about October 19, 2023, Plaintiff Kenneth Eldridge ("Plaintiff") commenced the above captioned action in the Circuit Court of Putnam County, West Virginia by filing a Complaint, which has been indexed as Civil Action No. CC-40-2023-C-147 (the "Complaint").

2. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit 1** is a copy of the Putnam County, West Virginia docket for this matter and a true and correct copy of the Summons, Complaint and all process, pleadings and orders served on Defendants.

3. On October 26, 2023, the West Virginia Secretary of State accepted service of the Complaint for all Defendants as statutory attorney-in-fact. All Defendants received a copy of the Complaint on October 30, 2023.

4. Defendants have not filed a responsive pleading in the Circuit Court of Putnam County, West Virginia.

5. Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *See* 28 U.S.C. § 1441(a).

6. 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." *See* 28 U.S.C. § 1332(a).

7. As set forth below, because the matter in controversy in this case exceeds $75,000.00, exclusive of interest and costs, in value, and because the case arises between citizens of different states it lies within the original subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

## *Diversity of Citizenship*

8. Based upon the information available to Defendants, there is complete diversity between Plaintiff and Defendants.

9. As alleged in the Complaint, and upon information and belief, Plaintiff is a resident and citizen of Greenup County, Kentucky. *See* **Exhibit 1**, Complaint, ¶ 1.

10. APCo is a corporation incorporated under the Commonwealth of Virginia, having its principal place of business in Ohio.

11. B&W is a Delaware limited liability company with its principal place of business in Ohio. B&W's sole member is Americon, LLC, an Ohio limited liability company with its principal place of business in Ohio. "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members . . . ." *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citation omitted).

12. Enerfab, LLC is an Ohio limited liability company with its principal place of business in Ohio. Enerfab, LLC has two members, HBH Holdings, Inc. and EPIC Ventures Group, LLC. Both are Ohio companies with a principal place of business in Ohio.

13. Enerfab Process Solutions & Fabricated Products, Inc. is now known as Enerfab Process Solutions, LLC and is an Ohio limited liability company with its principal place of business in Ohio. Enerfab Process Soultions, LLC's sole member is Century Plus Innovations, LLC, an Ohio limited liability company with its principal place of business in Ohio.

14. Enerfab Power & Industrial, LLC is an Ohio limited liability company with its principal place of business in Ohio. Enerfab Power & Industrial, LLC's sole member is Enerfab, LLC, an Ohio limited liability company with its principal place of business in Ohio.

15. Based on the foregoing, there is complete diversity of citizenship between Plaintiff and Defendants making this action within the original jurisdiction of the district court. *See* 28 U.S.C. § 1332(a).

*Amount in Controversy*

16. "A defendant that removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 932 (S.D. W.Va. 1996); *see also Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013).

17. To calculate the amount in controversy, a court may consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. *See Mullins v. Harry's Mobile Homes*, 861 F. Supp. 22, 24 (S.D. W.Va. 1994). In conducting this analysis, the court may consider:

> [T]he type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

*Watterson v. GMRI, Inc.*, 14 F. Supp. 2d. 844, 850 (S.D. W.Va. 1997) (internal citations omitted). In addition, a court is permitted to use "common sense" when making its decision. *See Mullins*, 861 F. Supp. at 24. "It is appropriate to consider the affidavit under existing District precedent." McCoy, 147 F. Supp. 2d at 493 (citing *White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D. W. Va. 1994)). Where the monetary demand is not specified in the complaint, "the amount in

controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *See Sayre v. Potts*, 32 F. Supp. 2d 788, 790-791 (S.D. W.Va. 2002).

18. The Complaint seeks damages as a result of injuries to Plaintiff due to Defendants' alleged actions relating to certain work being performed at the John Amos Power Plant located in Putnam County, West Virginia. Plaintiff alleges occupational exposure that resulted in acute lung injury. *See* Complaint ¶ 24.

19. As a result, Plaintiff has asserted various causes of action including negligence and premises liability. Plaintiff alleges that he sustained damages for past and future medical expenses; physical injuries, both temporary and permanent; severe and significant emotional distress, and mental pain and suffering, both temporary and permanent; fear, humiliation, and embarrassment, past and future; annoyance and inconvenience, past and future; loss of physical health and well-being, past and future; loss of enjoyment of life, past and future; loss of income and/or earning capacity, past and future; loss of value of employment benefits, including, but not limited to, loss of value of pension/retirement benefits; disability; compensatory damages; and civil penalties.

20. In addition, Plaintiff's Complaint also seeks an award of attorneys' fees and punitive damages.

21. In West Virginia, a good faith claim for punitive damages may augment compensatory and special damages when determining the amount in controversy unless it can be said to a legal certainty that the plaintiff cannot recover punitive damages in the action. *White v. J. C. Penny Life Ins. Co.,* 861 F. Supp. 25, 27 (S.D. W.Va. 1998). Where the amount of actual, measurable damages is significantly deficient but punitive damages are alleged, the jurisdictional minimum is likely satisfied due to West Virginia's tendency to award excessive punitive damages.

*See*, *Mullins v. Harry's Mobile Homes*, 861 F.Supp. 22, 24 (S.D. W.Va. 1994), *White*, 861 F.Supp. at 27.

22. Plaintiff also seeks an award of attorneys' fees. *Id.* at ¶ 26. Where the recovery of attorneys' fees is requested by a plaintiff, such fees are also required to be added to the value of the amount in controversy for purposes of establishing whether the jurisdictional minimum has been reached. *Weddington v. Ford Motor Credit Co.,* 59 F.Supp.2d 578, 584 (S.D. W.Va. 1999).

23. Based upon the evidence of record, and taking into consideration the demand for attorneys' fees and punitive damages, Defendants have met their burden of establishing, by a preponderance of the evidence, that the amount in controversy threshold of $75,000.00 is exceeded in this action.

### *Removal Procedure*

24. Removal of the above-captioned matter is timely under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a) because this Notice of Removal is filed within thirty (30) days of receipt of the Complaint by Defendants.

25. Removal is properly made to the United States District Court for the Southern District of West Virginia, Huntington Division, under 28 U.S.C. § 1441(a), because Putnam County, where this action is pending, is within the Southern District of West Virginia, Huntington Division. *See* 28 U.S.C. § 129(a).

26. Further, all Defendants consent to the removal of this action.

27. Defendants will file written notice of the filing of this Notice of Removal with the Clerk of the Circuit Court of Putnam County, West Virginia concurrently with the filing of this Notice and Removal and will serve the same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, by this Notice of Removal, Defendants remove this action from the Circuit Court of Putnam County, West Virginia, and request that this action proceed as properly removed to this Court.

Respectfully submitted,

*/s/ Matthew S. Casto (WVSB #8174)*
Matthew S. Casto (WVSB #8174)
Tiffany M. Arbaugh (WVSB #9982)
**BABST CALLAND, P.C.**
300 Summers Street, Suite 1000
Charleston, WV  25301
Telephone:  681.205.8888
Facsimile:  681.205.8814
mcasto@babstcalland.com
tarbaugh@babstcalland.com
    Counsel for Appalachian Power Company

*/s/ William R. Slicer    (WVSB #5177)*
William R. Slicer (WVSB #5177)
Christopher D. Negley (WVSB# 6086)
Shuman McCuskey Slicer PLLC
1411 Virginia Street, E., Ste. 200
P.O. Box 3953
Charleston, WV 25339
Telephone: 304-345-1400
Facsimile: 304-343-1826
wslicer@shumanlaw.com
cnegley@shumanlaw.com
    Counsel for Defendant Babcock & Wilcox
    Construction Co., LLC

*/s/ Melissa M. Barr    (WVSB #8027)*
Melissa M. Barr (WVSB #8027)
Dickie, McCamey & Chilcote
2001 Main St Ste 501
Wheeling, WV 26003

{B3419371.4}

                    Direct: 304-233-1022
                    Office: (304) 233-1022
                    Fax: 888-811-7144
                    mbarr@dmclaw.com

                        Counsel for Defendants Enerfab., LLC, Enerfab Power & Industrial, LLC, and Enerfab Process Solutions & Fabricated Products, Inc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### (HUNTINGTON DIVISION)

**KENNETH ELDRIDGE,**

    **Plaintiff,**

v.                                     **CIVIL ACTION NO.** 3:23-cv-00760
                                                  **(Removal from Putnam County**
                                                  **Circuit Court, Civil Action No.**
                                                  **CC-40-2023-C-147)**

**APPALACHIAN POWER COMPANY,**
**A Virginia Corporation,**
**BABCOCK & WILCOX**
**CONSTRUCTION CO., LLC, a**
**Delaware Limited Liability Company,**
**ENERFAB, LLC, an Ohio Limited**
**Liability Company, ENERFAB PROCESS**
**& FABRICATED PRODUCTS, INC., an**
**Ohio Corporation, and ENERFAB POWER**
**& INDUSTRIAL, LLC, an Ohio Limited**
**Liability Company,**

    **Defendants.**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing JOINT NOTICE OF REMOVAL was electronically filed November 27, 2023, via the Court's CM/ECF system, which will send a notice of the electronic filing, and that I served the same by electronic mail and by first-class mail, postage prepaid to the following:

                              Scott S. Segal, Esquire
                              Jason P. Foster, Esquire
                               The Segal Law Firm
                               A Legal Corporation
                        810 Kanawha Boulevard, East
                               Charleston, WV 25301
                               *Counsel for Plaintiff*

William R. Slicer, Esq.
Christopher D. Negley, Esq.
Shuman McCuskey Slicer PLLC
1411 Virginia Street, E., Ste. 200
P.O. Box 3953
Charleston, WV 25339
*Counsel for Defendant*
*Babcock & Wilcox Construction Co., LLC*

Melissa M. Barr, Esq.
Dickie, McCamey & Chilcote
2001 Main St Ste 501
Wheeling, WV 26003
*Counsel for Defendants*
*Enerfab., LLC, Enerfab Power & Industrial, LLC, and*
*Enerfab Process Solutions & Fabricated Products, Inc.*

*/s/ Matthew S. Casto*
Matthew S. Casto (WVSB #8174)